UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: _____

| | |
|---|---|
| Laura Molde,<br><br>　　　　Plaintiff,<br>v.<br><br>Stuart Allan & Associates, Inc.,<br><br>　　　　Defendant. | **COMPLAINT**<br><br><br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1.  Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2.  This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and out of the invasions of Plaintiffs' personal privacy by Defendant and their agents in their illegal efforts to collect a consumer debt.

3.  Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4.  Plaintiff Laura Molde (hereinafter "Plaintiff") is a natural person who resides in the City of Minneapolis, County of Hennepin, State of Minnesota, and is a

"consumer" as that term is defined by 15 U.S.C. § 1692a(3) or a person affected by a violation of that law.

5. Defendant Stuart Allan & Associates, Inc. (hereinafter "Defendant SA") is a collection agency operating from an address of 5447 E 5th Street, #110, Tucson, Arizona 85711, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. On or before July 10, 2010 Defendant attempted to collect from Plaintiff a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

7. For several months, up to and including between April 1, 2010, and July 10, 2010, Defendant SA and the collectors employed by Defendant SA repeatedly contacted Plaintiff by mail and on her cellular telephone in an effort to collect this debt, which were "communication[s]" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

### *Collection Letter and Response*

8. On or about March 17, 2010, Plaintiff received a letter from Defendant SA demanding payment on this alleged debt.

9. In response to this collection letter, Plaintiff called Defendant SA and left a message with them indicating that she was not the person to whom they were writing and instructing them not to call her again.

10. In her message, Plaintiff explained that she had received a letter with the name "Laura Mundt" on it and that she had no knowledge of this debt.

11. Plaintiff's name is not Laura Mundt, but rather is Laura Molde.

### *Repeated Collection Calls to Plaintiff for the Wrong Person*

12. Subsequently, starting on or about April 1, 2010, Defendant SA and its collectors repeatedly called Plaintiff on her cell phone using an automated dialer and left her voice mails on her cell phone in an attempt to collect this debt.

13. On many of these messages, Plaintiff initially heard loud music playing and then got a message from Defendant's collectors telling her to return the call and leaving a reference number.

14. Defendant SA's collector sometimes asked to leave a message for a person named "Laura Mundt."

15. None of the messages left by Defendant SA and its collectors contained the notices required by 15 U.S.C. § 1692e(11).

16. These repeated collection calls were illegal third-party attempts to collect this debt in violation of numerous and multiple provisions of the FDCPA,

including but not limited to 15 U.S.C. §§ 1692b(1), 1692b(3) 1692c(a)(1), 1692d, 1692d(5), 1692d(6), 1692e, 1692e(5), 1692e(10), 1692e(11), and 1692f, amongst others.

*Summary*

17. All of the above-described collection communications made to Plaintiff by Defendant SA and other collection employees employed by Defendant SA, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions, amongst others, as well as an invasion of her privacy by the use of repeated calls to the wrong party.

**TRIAL BY JURY**

18. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

**CAUSES OF ACTION**

**COUNT I.**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. § 1692 et seq.**

19. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. The foregoing acts and omissions of Defendant SA and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

21. As a result of Defendant SA's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant SA herein.

## COUNT II.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

22. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

23. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **<u>Abusive debt collection practices contribute</u>** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **<u>to invasions of individual privacy</u>**.

15 U.S.C. § 1692(a) (emphasis added).

24. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

25. Defendant and/or its agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of this Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt from the wrong person, after being told to stop, and thereby invaded Plaintiff's privacy.

26. Defendant and its agents intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

27. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs.

28. The conduct of Defendant and its agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

29. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant SA as follows:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant SA and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant SA and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant SA and for Plaintiff;

## COUNT II.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

- for an award of actual damages from Defendant SA for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations and intentional and/or negligent invasions of privacy in an amount to be determined at trial and for Plaintiff; and

- for such other and further relief as may be just and proper.

Respectfully submitted,

Dated: July 13, 2010

**BARRY & SLADE, LLC**

By:  **s/Peter F. Barry**
Peter F. Barry, Esq.
Attorney I.D.#0266577
2021 East Hennepin Avenue, Suite 195
Minneapolis, Minnesota 55413-1773
Telephone:  (612) 379-8800
Facsimile: (612) 379-8810
pbarry@lawpoint.com

pfb/ra

**Attorney for Plaintiff**

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MINNESOTA       )
                         ) ss
COUNTY OF HENNEPIN       )

Plaintiff Laura Molde, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_____
Laura Molde

Subscribed and sworn to before me
this 13th day of July, 2010.

_____
Notary Public

PETER FRANCIS BARRY
Notary Public-Minnesota
My Commission Expires Jan 31, 2015